1
2
3    Elizabeth D. Tate, SBA # 32659
     2953 North 48th Street
4    Phoenix, AZ 85018-7749
5    Phone: (602) 670-4653
6    Fax: (602) 595-5959
     E-mail:    attorneyelizabethtate@yahoo.com
7    Attorney for Plaintiff, Michael Bellesfield
8
9
                **UNITED STATES DISTRICT COURT**
10
11                  **DISTRICT OF ARIZONA**
12
13   **Michael Bellesfield**
                              Plaintiff,        **Case #**
14
15            v.                          **COMPLAINT AND DEMAND FOR**
     **Mountain View Tours, Inc.**           **JURY TRIAL**
16
17   Defendant.
18
19
20
21        Plaintiff Michael Bellesfield by and through Elizabeth D. Tate, his
22
     undersigned attorney of record, submit this Complaint for relief and
23
24   Demand for Jury Trial pursuant to Federal Rules of Civil Procedure
25   ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).
26
                      **1. Plaintiff's Four Claims**
27                                    1
28

Count One: – Hostile Work Environment   in employment in violation of 42 U.S.C. §2000e2(a)

Count Two: Retaliation for having reported or opposed sex discrimination in violation of 42 U.S.C. 2000e (2)(a)(i)

Count Three – State Law Hostile Work Environment in violation of A.R.S. 41-1463(B)

Count Four – State Law Retaliation for having reported or opposed sex discrimination in violation of   A.R.S. 41-1464(A)

## 2. The Parties, Jurisdiction and Venue

1.   At all times material to this Complaint, the Plaintiff, Michael Bellesfield   ("Bellesfield") and has been:

(A) an adult, male   resident of Maricopa County, Arizona; and

(B) employed by the Defendant, Mountain View Tours, Inc. as a motor coach driver in Tucson, Pima County, Arizona; and

(C) a person who was at all times qualified to perform his job as motor coach driver.

3. Defendant Mountain View Tours, Inc.   has been at all times material to this Complaint:

2

(A) an Arizona domestic for profit corporation; and

(B)   engaged in the business of providing motor coach transportation throughout Arizona and neighboring states, employing approximately 90 to 100   persons.

(C) the "employer" of Bellesfield as defined by 42 U.S.C. §2000e (b), 29 U.S.C. §2611(4), 42 U.S.C. 12111(5) (A) and A.R.S. 41-1461(6).

**4.**   All events alleged herein occurred within the State of Arizona.

**5.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**6.** This Court has subject matter jurisdiction for the two claims herein because one arises from federal statutes, 28 U.S.C. 1331, and also as provided by 28 U.S.C. 1343(a)(3,4). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

**7.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

## 3. General Fact Allegations

**8.**   Mountain View Tours, Inc. hired Bellesfield on or about May 21, 2018 as a motor coach driver.   Bellesfield drove motor coach in Mohave County in the Peach Springs, Kingman and Grand Canyon West areas.

3

**9.** In June of 2018, fellow motor coach driver, Debbie Selders began sexually harassing Bellesfield. Selders would initiate inappropriate conversations with Bellesfield telling Bellesfield that she wanted him to rent an apartment from her girlfriend so he would live nearby her. One day Selders followed Bellesfield into a shed and said to Bellesfield, "At least I can do something with my mouth". Selders gave Bellesfield her phone number and asked Bellesfield to ask their supervisor to give them the same day off so they could spend time together. Bellesfield did not welcome Selders comments and tried his best to ignore her. Selders' sexual behavior created and abusive environment that interfered   with Belllesfield's ability to work.

**10.** When Bellesfield did not welcome Selders' sexual innuendo, Selders turned her attention to another   motor coach driver named William Brazell who welcomed Selders' flirting and sexual attention. Soon it became common knowledge at Mountain View Tours, Inc. that Selders and Brazell were engaging in an extra-marital affair against their spouses.

**11.** Selders and Brazell made no effort to hide their affair. Bellesfield was compelled to witness the two loudly telling one other "I love you" and others telling him they kissed     and following each other around the office. Bellesfield' s supervisor, Joe Maestras   approved of Selders and Brazell's obnoxious, sexually charged behavior and coordinated Brazell' s and

4

Selder's days off.   Maestra's bragged that Brazell was Selders, "work husband."

**12.**   Finally, on September 15,   2018, Bellesfield complained to the President of Mountain View Tours, Inc., Gregory P. Conser in a letter and later in an email on September 16, 2018,   that Selders and Brazell were creating a hostile work environment with   their obnoxious affair and sexual antics.   Rather than take measures to investigate and abate the   hostile work environment, Conser told Bellesfield to endure   the antics or resign. One week later, in retaliation for Belllesfield's report to Conser, on September 21, 2018, Belllesfield's duty supervisor terminated Bellesfield claiming that someone had complained about Bellesfield.

**13.** As a direct and proximate result of the conduct by   Mountain View Tours, Inc., Bellesfield   is entitled to compensatory damages for, inter alia, loss of income, loss   of   employee   benefits,   emotional   distress, inconvenience, loss of self-esteem from being unemployed, loss of sleep, worry about how he will support himself, the loss of valued relationships he had enjoyed with co-workers and a reduced standard of living.

**14.** The conduct of Mountain View Tours, Inc. alleged herein with respect to Bellesfield was done with a deliberate and malicious intent to discriminate against him in violation of federal statutes including, inter alia

Title VII to retaliate against him for protesting sex discrimination   which was not investigated. Therefore, Bellesfield should be awarded, inter alia, punitive damages.

15.   Based upon the willful conduct of Mountain View Tours, Inc. and the harm done to Bellesfield alleged herein, the Court should grant injunctive relief to remedy the harm done and to enjoin Mountain View Tours, Inc. from engaging in such unlawful   retaliation in the future.

16. Bellesfield filed a   charge of discrimination under charge numbers 540-2019-00659.   (See Exhibit   1Charge of Discrimination). Bellesfield received his   Notices of Right to Sue on January 24, 2019 and February 4, 2019. (See Exhibits 2 and 3, Notices of Right to Sue).

## 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

## 5. Requested Relief

### Count One: Hostile Work Environment in violation of   42 U.S.C. §2000e 2 (a)

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future sex discrimination, and to remedy harm done to Bellesfield which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

<u>Count Two:   Retaliation for Having Reported Sex Discrimination in violation of 42 U.S.C. 2000e 2(a)(1)</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Bellesfield which should include back pay plus all lost employee benefits and either reinstatement or front pay

4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

5. His taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

Count Three   State Law Hostile Work Environment in violation of A.RS. 41-1463(B)

1. Injunctive relief including back pay

2. Reasonable Attorney's fees

3. Taxable costs.

Count Four State Law Retaliation for Having Reported Sex Discrimination in violation of A.R.S. 41-14649(A)

1. Injunctive relief including back   pay

2. Reasonable Attorney's fees

3. Taxable costs

Respectfully submitted this March 27, 2019.

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28