**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bellesfield,  Plaintiff,  v.  Mountain View Tours Incorporated,  Defendant. | No. CV-19-02038-PHX-SMB  **ORDER** |

Pending before the Court is Defendant Mountain View Tours, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. (Doc. 12, "Mot.") The Court has considered the pleadings, (Doc. 10, "Amended Complaint" or "AC"; Doc. 13, "Resp."; Doc. 14, "Reply"), and enters the following Order.

**I.    BACKGROUND**

Michael Bellesfield ("Bellesfield") drove buses for Mountain View Tours, Inc. ("Mountain View"), a tour bus company operating out of the Kingman, Peach Springs, and Grand Canyon West areas of Mohave County, Arizona. Hired on March 21, 2018, Bellesfield alleges sexually inappropriate behavior directed at him by fellow employees began shortly thereafter. Among other things, Bellesfield alleges he was inappropriately touched on three occasions, one in the presence of his supervisor. In the first instance, in June of 2018, a fellow driver Debbie Selders "slid up to Bellesfield while he sat on a bench" and made "full contact with [his] body." (AC ¶ 9.) Selders then grabbed Bellesfield's arm

and rubbed it against her chest. (*Id.*) Pressing her thigh against his, Selders gave Bellesfield her phone number. (*Id.*) Bellesfield's supervisor, Joe Maestras, witnessed the incident, commenting approvingly afterwards, "man, she just gave you her phone number!" (*Id.*) On the second occasion, Selders—who had since engaged in a widely known extra-marital affair with a different co-worker, William Brazell—thrust her chest into Bellesfield while he sat a workbench, saying she "had splattered chocolate on her blouse" while "running her fingers over her breasts." (*Id.* ¶13.) Aside from these sexual assault allegations, Bellesfield alleges numerous instances of sexual harassment, including unwanted flirtation and sexual advances involving crude sexual innuendo. (*See id.* ¶ 9 (Selders commenting to a cornered Bellesfield: "At least I can do something with my mouth"); *see also id.* ¶¶ 11-12 (alleging generally "obnoxious, sexually charged" behavior by Selders and Brazell including yells of "I love you", comments mocking Bellesfield's "virgin ears", and insinuating comments that Selders "ate [Brazell's] yogurt" at lunch.) She repeated this behavior the following day. (*Id.* ¶ 11.) Bellesfield ignored these advanced. (*Id.* ¶ 9, 13), instead reporting the behavior to his supervisor, "but nothing was done."[1] Ultimately, Bellesfield complained by letter and email to President of Mountain View Tours, Inc., Gregory P. Conser, but was told "to endure the antics or resign." (*Id.* ¶ 12.) Mountain View fired Bellesfield the following week. (*See id.*)

Plaintiff filed the current lawsuit on March 27, 2019 alleging a Hostile Work Environment, (42 U.S.C. § 2000e-(2)(a); A.R.S. 41-1464(B)), and Retaliation, (42 U.S.C. § 2000e-(2)(a)(i); A.R.S. 41-1464(A)), claims under both federal and state law. He seeks compensatory and punitive damages in addition to injunctive relief. (AC ¶¶ 13-15.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice

---

[1] The Amended Complaint does not specify the content or timing of this report is report

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains enough factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**III.  DISCUSSION**

    **a. Hostile Work Environment Claims**

A hostile work environment claim under Title VII requires a plaintiff allege: (1) that he was subjected to verbal or physical conduct of a harassing nature; (2) that this conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (quoting *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir.2000)). "Conduct must be extreme to amount to a change in the terms and conditions of employment." *Id.* (quoting *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir.1999)). To determine whether an environment is sufficiently hostile or abusive, courts look "at all the circumstances,

including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Kortan*, 217 F.3d at 1110 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)) (internal quotation marks omitted). While "simple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim under Title VII . . . the harassment need not be so severe as to cause diagnosed psychological injury." *Fuller v. Idaho Dept. of Corr.*, 865 F.3d 1154, 1161-62 (9th Cir. 2017) (citing *Reynaga v. Roseburg Forest Prods*, 847 F.3d 678, 687 (9th Cir. 2017) (internal quotation marks omitted).

Plaintiff must demonstrate that the work environment was both subjectively and objectively hostile. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872. Bellesfield does neither. The conduct alleged is too isolated and insufficiently severe to support a Title VII hostile work environment claim. And although Bellesfield characterizes his co-workers conduct as "extremely offensive and unwelcome," he does not allege that he was physically threatened, humiliated, or identify any interference with his job performance. (AC ¶ 12); *see also Kortan*, 217 F.3d at 1110.

Although Maestras apparent blindness to alleged instances of sexual assault and tacit approval of the outwardly sexual nature of Selder and Brazell's professional relationship is worrying, much of the alleged conduct primarily involves the relationship of Bellesfield's co-workers. Generally, alleging an affair between co-workers creates a sexually charged atmosphere is insufficient to qualify as a hostile work environment. *See Candelore v. Clark Cty. Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992). Brazell and Selder public professions that they love and kiss each other, and their coordination of leave is insufficiently severe to create a hostile work environment. *See Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d at 1206. Further, outside of the incidents of alleged physical contact from Selders, the alleged conduct are examples of "simple teasing, offhand comments, and isolated incidents" of insufficient severity to create an actionable claim under Title VII. *Reynaga*, 847 F.3d at 687 (quoting *Faragher*, 524 U.S. at 788, 118 S.Ct.

2275 (internal quotation marks omitted)). The alleged incidents of Selder's physical contact with Bellesfield are concerning but too isolated to create a hostile or abusive work environment.[2] Bellesfield does not allege these incidents or the alleged "sexually charged" work environment unreasonably interfered with his job performance, or that they were physically threatening. *See Kortan*, 217 F.3d at 1110.

An employer may be held liable for creating a hostile work environment either vicariously or through negligence. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119 (9th Cir. 2004). Mountain View contends otherwise, arguing that even if Bellesfield's allegations supported a hostile work environment claim, they are insufficient to establish liability. The Court finds otherwise. An employer is vicariously liable for a hostile work environment created by a supervisor. *Vance v. Ball State Univ.*, 570 U.S. 421, 424, 133 S. Ct. 2434, 186 L.Ed.2d 565 (2013). Here, taking Bellesfield's alleged facts as true and assuming *arguendo* a hostile work environment, Bellesfield's supervisors condoned or tacitly approved of employee misconduct that created the hostile work environment. An employer is also liable for a hostile work environment created by a plaintiff's co-worker if the employer "knew, or should have known, about the harassment and failed to take prompt and effective remedial action." *E.E.O.C.*, 621 F.2d at 882. Bellesfield identifies multiple instances were supervisors had direct or constructive knowledge of co-worker misconduct and harassment but failed to take any remedial actions. Thus, the factual allegations support Mountain View's liability, but fall short of alleging an actionable hostile work environment claim under Title VII.

### b. Retaliation Claims

A plaintiff need not prove "that the employment practice at issue was in fact unlawful under Title VII. *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (citing *Sias v. City Demonstration* Agency, 588 F.2d 692, 695 (9th Cir. 1978). So long as Bellesfield demonstrates a reasonable belief that the employment practice protested

---

[2] Plaintiff alleges three incidents of possible sexual assault over the course of a year's employment, two of which occurred on consecutive days.

was prohibited under Title VII, a retaliation claim may lie despite the underlying hostile work environment claim being unactionable. Here, Amended Complaint demonstrates Bellesfield held a reasonable belief that employment practices at Mountain View were prohibited by Title VII. *See Trent*, 41 F.3d at 526. Title VII makes it unlawful for "an employer to discriminate against [an employee] . . . because he has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a).[3] To state a Title VII retaliation claim, Bellesfield must establish that (1) he was engaging in a protected activity, (2) he suffered an adverse employment decision, and (3) a causal link between his activity and the employment decision. *E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504, 1513 (9th Cir. 1989).

Bellesfield satisfies each element. A sexual harassment complaint is a protected activity.[4] *See Tipp v. Adeptus Health Inc.*, No. CV-16-02317, 2018 WL 447256 at 8 (D. Ariz. Jan. 17, 2018). The parties do not dispute that Bellesfield's termination is an adverse employment decision. (*See* Mot. at 13 (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000))). Mountain View does not challenge the presence of a causal link between Bellesfield's protected activity and termination. The Court finds the link sufficiently alleged. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[C]ausation can be inferred from the timing along where an adverse employment action follows on the heels of protected activity."). Here, the Amended Complaint alleges Bellesfield was fired one week after filing a sexual harassment complaint with Mountain View's President. (AC ¶ 12.) The Ninth Circuit generally requires "temporal proximity of less than three months between the protected activity and the adverse employment action

---

[3] As A.R.S. § 41-1464(A) mirrors Title VII, federal Title VII case law is persuasive in interpreting § 41-1464 (the "Arizona Civil Rights Act" or "ACRA"). *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (considering the ACRA and Title VII as "generally identical").

[4] Defendant cited case, *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978), is distinguishable. The *Silver* court reviewed a solitary instance of a racially discriminatory slur used by a co-worker unconnected to the plaintiff's employer, finding it was "not conduct for which [the employer] was responsible." (*Id.*) Here, Bellesfield alleges conduct by co-workers *and* supervisors. Taking the facts as true, Defendant's supervisors witnessed the alleged conduct, received Bellesfield's report concerning it, and either condoned or dismissed concerns regarding inappropriate conduct on multiple occasions.

for the employee to establish causation based on timing alone." *Mahoe v. Operating Eng'rs Local Union No. 3*, No. Civ. 13-00186 HG-BMK, 2014 WL 6685812 at *8 (D. Haw. Nov. 25, 2014) (listing case exemplars). Bellesfield's retaliation claims have enough factual basis.

## IV. LEAVE TO AMEND

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981). In accordance with well-settled law in the Ninth Circuit, the Court will grant Plaintiffs leave to amend their complaint because "it is not 'absolutely clear' that [Plaintiffs] could not cure [the amended complaint's] deficiencies by amendment." *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]").

Accordingly, within thirty (30) days from the date of entry of this Order, Plaintiffs may submit an amended complaint addressing the deficiencies in counts One and Three. Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint." If Plaintiffs decides to file an amended complaint, they are reminded that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," L.R.Civ 15.1.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** granting in part and denying in part Defendant Mountain View Tours, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Doc. 12). Counts One and Three are dismissed with leave to amend. Counts Two and Four are

not dismissed.

**IT IS FURTHER ORDERED** that Plaintiffs may file a Second Amended Complaint within thirty (30) days of this Order. If Plaintiffs fail to file an amended complaint within thirty (30) days of this Order, the case will proceed solely on counts Two and Four.

Dated this 14th day of January, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge